990 F.2d 1258
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Miroslaw MAREHEWKA, Petitioner,
v.
UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70301.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1993.*
Decided March 24, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Miroslaw Marehewka, a native and citizen of Poland, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the immigration judge's ("IJ") decision finding Marehewka deportable and denying Marehewka's application for asylum and withholding of deportation pursuant to 8 U.S.C. §§ 1158(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition for review.
 
 
 3
 We review the BIA's denial of asylum for abuse of discretion. Acewicz v. INS, No. 91-70257, slip op. 969, 978 (9th Cir. Feb. 4, 1993). We review the BIA's factual determinations, including the determination that an alien has failed to prove a well-founded fear of persecution, under the substantial evidence standard. Id. Under this standard, we reverse the BIA "only where the evidence presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Id.
 
 
 4
 * Burden of Proof
 
 
 5
 Marehewka contends the IJ and BIA erred by improperly assigning him the burden of proof on his asylum claim. Specifically, Marehewka contends that because he had established past persecution, a presumption existed, pursuant to federal regulations, 8 C.F.R. § 208.13(b)(1)(i), that he had a well-founded fear of persecution. Marehewka contends the INS failed to rebut this presumption. This contention lacks merit.
 
 
 6
 Section 208(a) of the Refugee Act of 1980, 8 U.S.C. § 1158(a) ("Act"), authorizes the Attorney General, in his or her discretion, to grant asylum to an alien who is a "refugee." As defined in the Act, a refugee is an alien who is unable or unwilling to return to his or her home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); see INS v. Cardoza-Fonseca, 480 U.S. 421, 423 (1987).
 
 
 7
 The applicant has the burden of establishing eligibility for asylum. 8 C.F.R. § 208.13(a); Estrada-Posadas v. INS, 924 F.2d 916, 918 (9th Cir.1991) (quotations omitted). Under federal regulations, in order to raise a presumption of a well-founded fear of persecution, an applicant first must establish past persecution. See 8 C.F.R. § 208.13(b)(1)(i). Persecution involves "the infliction of suffering or harm upon those who differ (in race, religion or political opinion) in a way regarded as offensive." Desir v. Ilchert, 840 F.2d 723, 727 (9th Cir.1988) (quotations omitted).
 
 
 8
 Here, the BIA found Marehewka failed to demonstrate that he had suffered past persecution. Marehewka testified that, between 1980 and 1989, he participated in the Solidarity movement by attending demonstrations and distributing leaflets. He based his claim of persecution on an incident in which he was arrested and detained for several hours. Although he testified that his employer did not promote him, he failed to offer evidence that such action was taken on account of his political beliefs. Substantial evidence supports the BIA's conclusion that Marehewka failed to meet his burden of demonstrating past persecution. See Estrada-Posadas, 924 F.2d at 918. Accordingly, the BIA did not improperly impose the burden of proof on Marehewka. See Acewicz, No. 91-70257, slip op. at 978.
 
 II
 Due Process
 
 9
 Marehewka contends his due process rights were violated because the IJ and BIA (1) considered Marehewka's possession of a passport, (2) decided his case on political considerations rather than on an individual basis, and (3) relied on Seventh Circuit cases. Marehewka also contends his due process rights were violated because the author of a letter admitted as evidence at his hearing was unavailable for cross-examination. These contentions lack merit.
 
 
 10
 In a deportation hearing, an alien is entitled to the fifth amendment guaranty of due process, which is satisfied only by a "full and fair hearing." Mohsseni Behbahani v. INS, 796 F.2d 249, 250-51 (9th Cir.1986); Garcia-Jaramillo v. INS, 604 F.2d 1236, 1239 (9th Cir.1979), cert. denied, 449 U.S. 828 (1980). A full and fair hearing requires that each case "be evaluated on its own merits to determine whether the alien's factual support and concrete evidence are sufficient" to meet the alien's burden of proof. See Sarvia-Quintanilla v. INS, 767 F.2d 1387, 1392 (9th Cir.1985). To prevail on a due process claim, however, the alien must show that the alleged procedural errors were prejudicial. Diaz-Escobar v. INS, 782 F.2d 1488, 1494 (9th Cir.1986).[1]
 
 A. Passport
 
 11
 Contrary to Marehewka's contention, the BIA properly considered that the Polish government had issued Marehewka a passport. See Rodriguez-Rivera v. INS, 848 F.2d 998, 1006 (9th Cir.1988) (per curiam) (alien's receipt of government-issued passport is relevant to assessment of asylum claim and undercuts alien's claim that he has a well-founded fear of governmental persecution). Moreover, even without this fact, substantial evidence supports the BIA's denial of Marehewka's application for asylum. Accordingly, Marehewka's due process claim fails. See Diaz-Escobar, 782 F.2d at 1494.
 
 B. Evaluation of Marehewka's Application
 
 12
 The record does not support Marehewka's contention that the IJ and BIA failed to consider Marehewka's asylum application on an individual basis. Marehewka was given a hearing in which he was afforded a full and fair opportunity to present testimony and other evidence in support of his application. See Cuadras v. INS, 910 F.2d 567, 573 (9th Cir.1990); Sagermark v. INS, 767 F.2d 645, 650-51 (9th Cir.1985), cert. denied, 476 U.S. 1171 (1986). Both the IJ's and the BIA's decisions reflect that the denial of Marehewka's application was based on the individual merits of Marehewka's claim. Accordingly, we find no merit in Marehewka's contention that his application was not considered on an individual basis.[2] See Cuadras, 910 F.2d at 573; Sagermark, 767 F.2d at 650-51; see also Acewicz, No. 91-70257, slip op. at 978 (court found that evidence of changed circumstances in Poland "was not blindly applied [by the BIA] to automatically deny every asylum application submitted by a Polish alien" and that "[e]ach applicant received a full opportunity to present his case" (quotations omitted)).
 
 C. Reliance on Seventh Circuit Cases
 
 13
 We also reject Marehewka's claim that the IJ and BIA improperly relied on Kubon v. INS, 913 F.2d 386 (7th Cir.1990), and Kaczmarczyk v. INS, 933 F.2d 588 (7th Cir.), cert. denied, 112 S.Ct. 583 (1991), in denying his request for asylum. In Kubon, the Seventh Circuit held that the BIA properly took administrative notice of changed circumstances in the Polish government. See 913 F.2d at 388. The Seventh Circuit reiterated this holding in Kaczmarczyk. 933 F.2d at 594. We recently reached the same conclusion, holding that the BIA is entitled to take administrative notice of the "changed conditions in Poland and of the effect of those changes on petitioners' fear of persecution." Acewicz, No. 91-70257, slip op. at 978. Thus, the BIA did not err by relying on Kubon and Kaczmarczyk in its decision. See Acewicz, 91-70257, slip op. at 978.
 
 D. Cross-Examination
 
 14
 Marehewka's contention that he was denied due process because the author of the Bureau of Human Rights and Humanitarian Affairs ("BHRHA") letter admitted as evidence during his hearing was unavailable for cross-examination also lacks merit.
 
 
 15
 In deportation proceedings, aliens must be given "a reasonable opportunity ... to cross-examine witnesses presented by the government." 8 U.S.C. § 1252(b)(3). Denial of this statutory right may constitute a violation of the constitutional guarantee of due process if the prejudice to the alien is substantially great. Baires v. INS, 856 F.2d 89, 91 (9th Cir.1988). Procedural due process challenges to the BHRHA's advisory opinions regarding asylum applications have been rejected where the IJ's ruling on the asylum application indicated that he was not relying on the advisory opinion. See Barraza Rivera v. INS, 913 F.2d 1443, 1448 (9th Cir1990).
 
 
 16
 Here, the BIA conducted a de novo review of Marehewka's deportation hearing. The BIA did not rely on the BHRHA advisory opinion in finding that Marehewka failed to establish eligibility for asylum. Thus, because cross-examination of the letter's author would not have affected the outcome of the proceedings, any error committed by the IJ was harmless and did not amount to a denial of due process. See Barraza Rivera, 913 F.2d at 1448.
 
 PETITION FOR REVIEW DENIED.[3]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Our review is limited to the decision of the BIA. Acewicz, No. 91-70257, slip op. at 974. The BIA has the power to conduct a de novo review of the record and to make its own findings. Cardoza-Fonseca v. INS, 767 F.2d 1448, 1455 (9th Cir.1985), aff'd, 480 U.S. 421 (1987). Thus, errors committed by the IJ may be rendered harmless by the BIA's review. See Elnager v. INS, 930 F.2d 784, 787 (9th Cir.1991)
 
 
 [2]
 Marehewka asks this court to take judicial notice that the INS District Director in Anchorage, Alaska has not granted a Polish citizen's application for asylum since September 1989. We decline to do so. See 8 U.S.C. § 1105a(a)(4); Fed.R.Evid. 201
 
 
 [3]
 We deny Marehewka's request for costs and attorneys' fees pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504(a)(1) ("EAJA"). See Ardestani v. INS, 112 S.Ct. 515, 520 (1991) (administrative deportation proceedings are not adversary adjudications and are, therefore, "wholly outside the scope of the EAJA")