**Jan KUBON, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 90–1081.**

United States Court of Appeals, Seventh Circuit.

Submitted Aug. 9, 1990.*

Decided Sept. 17, 1990.

---

* After an examination of the briefs, and on the appellant's unopposed motion to waive oral argument, the court granted the parties' request.

*See* Fed.R.App.P. 34(f); Circuit Rule 34(e). The appeal has therefore been submitted on the briefs and the record.

Larry J. Hagen, Oak Park, Ill., for petitioner.

Anton R. Valukas, U.S. Atty., Chicago, Ill., Lori L. Scialabba, David J. Kline, Dept. of Justice, Office of Immigration Litigation, Washington, D.C., A.D. Moyer, I.N.S., Chicago, Ill., for respondent.

Before COFFEY, FLAUM, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

FLAUM, Circuit Judge.

Jan Kubon, a citizen of Poland, appeals from a decision of the Board of Immigration Appeals (BIA) that upheld an immigration judge's order finding him deportable and denying his applications for asylum and withholding of deportation pursuant to sections 208(a) and 243(h) of the Immigration and Naturalization Act, 8 U.S.C. §§ 1158(a) and 1253(h). The BIA determined that Kubon failed to establish his eligibility for asylum on the basis of either past persecution or a "well-founded fear" of persecution. *See INS v. Cardoza–Fonseca,* 480 U.S. 421, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987). It said that Kubon did not show that "a reasonable person in his circumstances would fear persecution" if he were to be returned to Poland. *See Matter of Mogharrabi,* Interim Decision 3028 (BIA 1987).

On appeal, Kubon argues that the immigration judge applied an incorrect legal standard to his asylum request. However, any alleged error of the immigration judge would be harmless if the BIA applied the correct legal standard. *See Quintanilla–Ticas v. INS,* 783 F.2d 955, 957 (9th Cir.1986). It is the decision of the BIA that we review, and Kubon does not argue that the BIA applied the wrong legal standard. *See Rodriguez–Rivera v. United States Dep't of Immigration & Naturalization,* 848 F.2d 998, 1002 (9th Cir.1988).

More significantly, Kubon argues that he proved a "well-founded fear" of persecution on account of his membership in the Solidarity Organization. In *Cardoza–Fonseca,* the Supreme Court held that the showing required to establish a "well-founded fear" of persecution was less stringent than the showing required to es-

tablish a "clear probability" of persecution for the purpose of withholding of deportation. In so holding the Supreme Court declined to attempt a detailed description of how the term "well-founded fear" should be applied. 480 U.S. at 448, 107 S.Ct. at 1212. Noting the ambiguity in the language itself, the Supreme Court left a more concrete meaning to the process of case-by-case adjudication. *Id.*

This Circuit, in *Carvajal–Munoz v. INS,* 743 F.2d 562 (7th Cir.1984), held that the term "well-founded fear" requires a petitioner to present specific facts showing a "good reason" to fear persecution. *Id.* at 576. Although *Carvajal–Munoz* was decided before the Supreme Court's decision in *Cardoza–Fonseca,* it interpreted "well-founded fear" on the basis of the more lenient standard of proof announced in *Cardoza–Fonseca. Id.* at 573–75 & n. 15. We believe that the "good reason" approach adopted in *Carvajal–Munoz* remains consistent with this standard, and therefore continue to adhere to it today.

■ Turning to the merits of the case, the BIA, using a similar approach, determined that Kubon's fear of persecution was not well-founded. We review the record fully aware that we must uphold any finding of fact that is supported by substantial evidence. *See id.* at 567. Having examined the record, we conclude that there is substantial evidence to support the BIA's determination. The only evidence offered by Kubon consisted of his attendance at Solidarity meetings, his distribution of leaflets, his participation in demonstrations and a five-day detention in 1982 for transporting anti-government literature following a routine check of his car. Given that Solidarity is now part of the coalition governing Poland, a fact of which the BIA properly took administrative notice, *see Matter of Chen,* Interim Decision 3104 (BIA 1989), this evidence provides no basis for Kubon's claim of a "well-founded fear" of persecution by the Polish government because of his Solidarity membership. Nor does it establish Kubon's claim of past persecution, since a brief confinement for political opposition to a totalitarian regime does not necessarily constitute persecution. *See Sovich v. Esperdy,* 319 F.2d 21, 29 (2d Cir.1963).

We therefore affirm the BIA's finding that Kubon is ineligible for asylum under section 208(a). In so affirming, we need not decide whether Kubon is ineligible for withholding of deportation as well. Kubon's failure to establish a "well-founded fear" of persecution necessarily implies that he is unable to prove a "clear probability" of persecution as required by section 243(h). *See Diaz–Escobar v. INS,* 782 F.2d 1488, 1492 (9th Cir.1986).

AFFIRMED.