990 F.2d 1260
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jacek SULECKI, Petitioner,
v.
UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE Respondent.
 No. 92-70311.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1993.*
Decided March 24, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jacek Sulecki, a native and citizen of Poland, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") decision finding Sulecki deportable and denying Sulecki's requests for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a). We deny the petition for review.
 
 
 3
 * Administrative Notice
 
 
 4
 Sulecki contends the BIA erred by deciding his case based on political considerations rather than on an individual basis.[1] He refers to the BIA's taking of administrative notice of political changes that have occurred in Poland since 1989. The BIA noted in particular the change in Poland's government and the new government's open emigration policy.
 
 
 5
 The BIA is entitled to take administrative notice of Solidarity's participation in Poland's new coalition government and of Lech Walesa's election as president. Acewicz v. INS, No. 91-70257, slip op. 969, 977 (9th Cir. Feb. 4, 1993). Nevertheless, due process may require the BIA to provide the petitioner an opportunity to rebut the noticed facts. Castillo-Villagra v. INS, 972 F.2d 1017, 1029 (9th Cir.1992). Due process does not, however, require the BIA to provide an opportunity to rebut facts that are "legislative, indisputable, and general." Id.
 
 
 6
 Here, Sulecki had ample opportunity to argue before the IJ and the BIA that his fear of persecution remained well-founded despite the change in government.[2] See Castillo-Villagra, 972 F.2d at 1029. Thus, he was not denied due process. See Acewicz, No. 91-70257, slip op. at 978. Accordingly, the BIA did not abuse its discretion by taking administrative notice of the changed conditions in Poland and of the effect of the changes on Sulecki's fear of persecution.[3] See id.
 
 II
 Asylum/Withholding of Deportation
 
 7
 Section 208(a) of the Refugee Act of 1980 ("Act"), 8 U.S.C. § 1158(a), authorizes the Attorney General, in her discretion, to grant asylum to an alien who is a "refugee." A refugee is defined in the Act as an alien who is unable or unwilling to return to his or her home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); INS v. Cardoza-Fonseca, 480 U.S. 421, 423 (1987).
 
 
 8
 To establish eligibility for asylum based on a well-founded fear of persecution, an applicant must demonstrate a fear that is both subjectively genuine and objectively reasonable. Estrada-Posadas v. INS, 924 F.2d 916, 918 (9th Cir.1991). An applicant's "candid, credible and sincere testimony demonstrating a genuine fear of persecution" satisfies the subjective component of the standard. See Blanco-Comarribas v. INS, 830 F.2d 1039, 1042 (9th Cir.1987) (quotations omitted). The objective component requires "a showing, by credible, direct, and specific evidence in the record, of facts that would support a reasonable fear that the petitioner faces persecution." Rodriguez-Rivera v. INS, 848 F.2d 998, 1002 (9th Cir.1988) (per curiam) (quotations and emphasis omitted).
 
 
 9
 Sulecki's request for asylum is based in part on his fear that, as a member of Solidarity, he will be persecuted if he returns to Poland. Nevertheless, substantial evidence supports the BIA's determination that Sulecki has failed to demonstrate a well-founded fear of persecution based on his membership in Solidarity. See Acewicz, No. 91-70257, slip op. at 974-78. We therefore agree with the BIA that Sulecki has failed to establish statutory eligibility for asylum on that basis.
 
 
 10
 Sulecki also contends that he should be granted asylum based on past persecution by the Communist government. Past persecution alone, independent of a well-founded fear of future persecution, is enough to establish eligibility for asylum. Desir v. Ilchert, 840 F.2d 723, 729 (9th Cir.1988). "The BIA may [exercise its discretion to] grant asylum for humanitarian reasons, where an applicant or his [or her] family has suffered under atrocious forms of persecution, even where there is little likelihood of future persecution." Acewicz v. INS, No. 91-70257, slip op. at 979 (quotations omitted).
 
 
 11
 Here, a review of the record reveals that Sulecki has not suffered atrocities that would justify granting relief on humanitarian grounds. See Matter of Chen, Int.Dec. 3104 at 4 (BIA1989). Accordingly, the BIA did not abuse its discretion by denying Sulecki's claim on this basis.[4]
 
 
 12
 Finally, because Sulecki failed to demonstrate a well-founded fear of persecution, he also failed to meet the higher standard of clear probability of persecution necessary for withholding of deportation. See Berroteran-Melendez v. INS, 955 F.2d 1251, 1258 (9th Cir.1992).
 
 III
 Due Process Claims
 A. Evidence in the Record
 
 13
 Sulecki contends that he was denied due process because the IJ failed to consider evidence presented at the hearing.
 
 
 14
 In a deportation hearing, an alien is entitled to the fifth amendment guaranty of due process, which is satisfied only by a "full and fair hearing." Mohsseni Behbahani v. INS, 796 F.2d 249, 250-51 (9th Cir.1986); Garcia-Jaramillo v. INS, 604 F.2d 1236, 1239 (9th Cir.1979). To prevail on a due process claim, however, the alien must show that the alleged procedural errors were prejudicial. Diaz-Escobar v. INS, 782 F.2d 1488, 1494 (9th Cir.1986).
 
 
 15
 Here, petitioner has failed to show how the IJ's alleged error affected the outcome of the hearing. Thus, because petitioner has failed to show prejudice, the BIA correctly found that petitioner was not denied due process. See Diaz-Escobar, 782 F.2d at 1494; Garcia-Jaramillo, 604 F.2d at 1239.
 
 B. Cross-Examination
 
 16
 Sulecki contends that he was denied due process because he was not allowed an opportunity to cross-examine the author of a Bureau of Human Rights and Humanitarian Affairs ("BHRHA") opinion letter which was admitted into evidence.
 
 
 17
 In deportation proceedings aliens must be given "a reasonable opportunity ... to cross-examine witnesses presented by the government." 8 U.S.C. § 1252(b)(3). A denial of this right may constitute a violation of the constitutional guarantee of due process, if the prejudice to the alien is sufficiently great. Baires v. INS, 856 F.2d 89, 91 (9th Cir.1988).
 
 
 18
 An alien's procedural due process challenges to the BHRHA's advisory opinions regarding asylum applications have been rejected where the immigration judge ruling on the asylum application indicated that he was not relying on the advisory opinion. Barraza Rivera, 913 F.2d at 1443, 1448 (9th Cir.1990); Pereira-Diaz v. INS, 551 F.2d 1149, 1153-54 (9th Cir.1977).
 
 
 19
 Here, the IJ specifically noted that his decision was not bound by the contents of the BHRHA letter. Accordingly, any error committed by the IJ in denying cross examination was harmless. Barraza Rivera, 913 F.2d at 1448.
 
 
 20
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his brief, Sulecki consistently refers to alleged errors committed by the IJ. Our jurisdiction is limited, however, to review of the BIA's decision. See Acewicz, No. 91-70257, slip op. at 974. Nevertheless, to the extent the BIA addressed the arguments raised by Sulecki we will treat them as though they were directed at the BIA's decision
 
 
 [2]
 In response to the IJ's question regarding the change in Poland's government, Sulecki testified that he would be persecuted if he returned to Poland because the changes in Poland were not yet well-established. He also testified that after he decided to seek asylum in the United States, Polish authorities threatened his wife
 
 
 [3]
 In light of our holding in Acewicz, we reject Sulecki's contention that the BIA improperly relied on Kubon v. INS, 913 F.2d 386 (7th Cir.1990) in deciding Sulecki's appeal
 
 
 [4]
 We also reject Sulecki's contention that the government improperly assigned him the burden of proof in establishing his asylum claim. See 8 C.F.R. § 208.13(b)(1)(ii); Estrada-Posadas v. INS, 924 F.2d 916, 918 (9th Cir.1991)