990 F.2d 1260
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jan SIKORSKI, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70421.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1993.*
Decided March 30, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jan Sikorski, a native and citizen of Poland, petitions for review of the Board of Immigration Appeals' (BIA) order affirming an immigrations judge's (IJ) decision finding him deportable as charged and denying his applications for asylum and withholding of deportation. We have jurisdiction under 8 U.S.C. § 1105a(a), and we deny the petition for review.[1]
 
 
 3
 * Standard of Review
 
 
 4
 We review for abuse of discretion the BIA's decision to grant or deny asylum under section 208(a). Berroteran-Melendez v. INS, 955 F.2d 1251, 1255 (9th Cir.1992). Factual findings underlying this decision, including whether the alien has proved a well founded fear of persecution, are reviewed for substantial evidence. Abedini v. INS, 971 F.2d 188, 190 (9th Cir.1992). Under the substantial evidence standard, we must determine whether, based on the evidence presented, the BIA's conclusion was substantially reasonable. Berroteran-Melendez, 955 F.2d at 1255. We review de novo the BIA's determinations on questions of law. Desir v. Ilchert, 840 F.2d 723, 726 (9th Cir.1988).
 
 II
 
 5
 Denial of Asylum/Withholding of Deportation
 
 
 6
 Section 208(a) of the Refugee Act of 1980, 8 U.S.C. § 1158(a) (Act), authorizes the Attorney General, in his or her discretion, to grant asylum to an alien who is a "refugee." As defined in the Act, a refugee is an alien who is unable or unwilling to return to his or her home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); see INS v. Cardoza-Fonseca, 480 U.S. 421, 423 (1987).
 
 
 7
 To establish eligibility for asylum based on a well-founded fear of persecution, an applicant must demonstrate a fear that is both subjectively genuine and objectively reasonable. Estrada-Posadas v. INS, 924 F.2d 916, 918 (9th Cir.1991). An applicant's candid, credible and sincere testimony demonstrating a genuine fear of prosecution" satisfies the subjective component of the standard. See Blanco-Comarribas v. INS, 830 F.2d 1039, 1042 (9th Cir.1987) (quotations omitted). The objective component requires "a showing by credible, direct, and specific evidence in the record, of facts that would support a reasonable fear that the petitioner faces persecution." Rodriguez-Rivera v. INS, 848 F.2d 998, 1002 (9th Cir.1988) (per curiam) (quotations and emphasis omitted).
 
 
 8
 We agree that Sikorski has failed to establish statutory eligibility for asylum. Sikorski's request for asylum is based on his fear of harassment by members of the Communist party due to his activities on behalf of the Solidarity organization and due to his former position in the Polish military. Sikorski testified that he was detained twice and beaten after participating in street demonstrations. He also testified that he feared interrogation and compelled participation in special military training if he is returned to Poland. Although Sikorski may have demonstrated a subjective fear of persecution, there is substantial evidence in the record to support the BIA's conclusion that he has failed to demonstrate that his fear is objectively reasonable. See Berroteran-Melendez, 955 F.2d at 1256.
 
 
 9
 Because Sikorski failed to demonstrate a well-founded fear of persecution, he also failed to meet the higher standard of clear probability of persecution necessary for withholding of deportation. See id. at 1258.
 
 III
 Failure to Consider Evidence
 
 10
 Sikorski contends that the IJ and the BIA denied him due process by failing to consider information contained in an exhibit submitted by the INS and certain materials submitted by Sikorski on conditions in Poland. Sikorski appears to argue that because these items of evidence were not mentioned specifically by either the IJ or the BIA, the items were not considered in the decision to deny Sikorski asylum and withholding of deportation.
 
 
 11
 To prevail on a due process claim, however, the alien must show that the alleged procedural errors were prejudicial. Diaz-Escobar v. INS, 782 F.2d 1488, 1494 (9th Cir.1986). Here, Sikorski has failed to show either that the IJ and the BIA refused to consider the evidence in question or that the alleged failure to consider the evidence in question or that the alleed failure to consider this evidence in question or that the alleged failure to consider this evidence somehow was prejudicial. Thus, Sikorski has failed to establish a due process claim. See id.
 
 IV
 
 12
 Denial of Asylum Based on "Political Considerations"
 
 
 13
 Sikorski contends that the IJ and the BIA denied him asylum based on improper "political considerations" rather than on the individual merits of his case. He argues that the alleged systematic denial of all requests for political asylum filed by Polish nationals in Anchorage, Alaska indicates that the asylum applications of Polish applicants are summarily denied based mainly on "background" conditions and "changed country" conditions rather than on evidence of individual circumstances presented at the deportation hearings. This contention lacks merit.
 
 
 14
 In a deportation proceeding, an alien is entitled to due process under the fifth amendment, which is satisfied only by a full and fair hearing. Cuadras v. INS, 910 F.2d 567, 573 (9th Cir.1990); Mohsseni Behbahani v. INS, 796 F.2d 249, 250-51 (9th Cir.1986). A full and fair hearing requires that each case "be evaluated on its own merits to determine whether the alien's factual support and concrete evidence are sufficient" to meet the alien's burden of proof. See Sarvia-Quintanilla v. INS, 767 F.2d 1387, 1392 (9th Cir.1985).
 
 
 15
 Here, Sikorski was given a hearing in which he was afforded a full and fair opportunity to present testimony and other evidence in support of his application. See Cuadras, 910 F.2d at 573. Both the IJ's and the BIA's decisions reflect that the denial of asylum was based on the individual merits of Sikorski's claim and not exclusively on political considerations or any alleged policy of summary denial.
 
 V
 Cross Examination
 
 16
 Sikorski contends that he was denied due process because he was not allowed an opportunity to cross-examine the author of a Bureau of Human Rights and Humanitarian Affairs (BHRHA) opinion letter which was admitted into evidence.
 
 
 17
 In deportation proceedings aliens must be given "a reasonable opportunity ... to cross-examine witnesses presented by the government." 8 U.S.C. 1252(b)(3). A denial of this right may constitute a violation of the constitutional guarantee of due process, if the prejudice to the alien is sufficiently great. Baires v. INS, 856 F.2d 89, 91 (9th Cir.1988).
 
 
 18
 An alien's procedural due process challenges to the BHRHA's advisory opinions regarding asylum applications have been rejected where the immigration judge ruling on the asylum application indicated that he was not relying on the advisory opinion. Barraza Rivera, 913 F.2d at 1443, 1448 (9th Cir.1990); Pereira-Diaz v. INS, 551 F.2d 1149, 1153-54 (9th Cir.1977).
 
 
 19
 Here, the IJ specifically noted that his decision was not bound by the contents of the BHRHA letter. Accordingly, any error committed by the IJ in denying cross examination was harmless. Barraza Rivera, 913 F.2d at 1448.
 
 VI
 Caselaw Cited by the IJ
 
 20
 Sikorski contends that the IJ erred by relying on Kubon v. INS, 913 F.2d 386 (7th Cir.1990) in denying his request for asylum. In Kubon, the Seventh Circuit affirmed the BIA's dismissal of a Polish petitioner's appeal from an IJ's denial of asylum. The court held that the BIA properly took administrative notice of changed circumstances in the Polish government which rendered petitioner's claim to a well-founded fear of persecution baseless. Id. at 388. Specifically, the Seventh Circuit noted that petitioner's membership in the Solidarity party, without more, did not establish a well-founded fear of persecution in light of the fact that Solidarity was part of the coalition governing Poland at that time. Id.
 
 
 21
 We have recently reached the same conclusion, holding that the BIA is entitled to take administrative notice of the "changed conditions in Poland and of the effect of those changes on petitioners' fear of persecution." Acewicz v. INS, No. 91-70257, slip op. 969, 978 (9th Cir. Feb. 4, 1993).
 
 
 22
 Here, the IJ noted at the end of his decision "that this case is directly analogous to that of Kubon v. INS, 913 F.2d 386 (7th Cir.1990) that denied asylum to another Pole based on the significant changes in the Polish government." In light of our holding in Acewicz, we find no error in the IJ's citation to Kubon.[2]
 
 
 23
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his brief, Sikorski refers to alleged errors committed by the IJ. Our jurisdiction is limited, however, to review of the BIA's decision. See Acewicz v. INS, No. 91-70257, slip op. 969, 974 (9th Cir. Feb. 4, 1993). Nevertheless, to the extent the BIA addressed the arguments raised by Sikorski we will treat them as though they were directed at the BIA's decision
 
 
 [2]
 We deny Sikorski's request for costs and attorneys' fees pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504(a)(1) (EAJA). See Ardestani v. INS, 112 S.Ct. 515, 520 (1991) (administrative deportation proceedings are not adversary adjudications and are, therefore, "wholly outside the scope of the EAJA")