990 F.2d 1260
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Roman RZEPECKI, Petitioner,
v.
UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70091.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1993.*
Decided March 30, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Roman Rzepecki, a native and citizen of Poland, petitions for review of the Board of Immigration Appeals' (BIA) affirmance of the immigration judge's (IJ) decision denying his applications for asylum and withholding of deportation and finding him deportable as charged. We have jurisdiction under 8 U.S.C. § 1105a(a), and we deny the petition for review.
 
 
 3
 * Standard of Review
 
 
 4
 We review the BIA's denial of asylum for abuse of discretion. Acewicz v. INS, No. 91-70257, slip op. 969, 974 (9th Cir. Feb. 4, 1993). We review the BIA's factual findings under the substantial evidence standard. Id. We review de novo the BIA's determinations on questions of law. Desir v. Ilchert, 840 F.2d 723, 726 (9th Cir.1988).
 
 II
 De Novo Review
 
 5
 Rzepecki, contends that the BIA erred because it made de novo factual determinations without the benefit of observing the demeanor of witnesses and did not provide Rzepecki the opportunity to be heard or present evidence. These contentions lack merit.
 
 
 6
 "[T]he BIA has the power to conduct a de novo review of the record, to make its own findings, and independently to determine the legal sufficiency of the evidence." Elnager v. INS, 930 F.2d 784, 787 (9th Cir.1991). Thus, the BIA's de novo review of the record does not violate Rzepecki's due process rights. See id
 
 III
 Political Considerations
 
 7
 Rzepecki contends that the IJ and the BIA failed to consider the individual merits of his application for asylum and withholding of deportation because of an alleged policy of denying all Polish applications filed after September 11, 1989 due to changed political conditions in Poland. This contention lacks merit.
 
 
 8
 In a deportation proceeding, an alien is entitled to due process under the Fifth Amendment. See Cuadras v. INS, 910 F.2d 567, 573 (9th Cir.1990). Due process is satisfied by a full and fair hearing. See id.; Sagermark v. INS, 767 F.2d 645, 650-51 (9th Cir.1985), cert. denied, 476 U.S. 1171 (1986). A full and fair hearing requires that each case "be evaluated on its own merits to determine whether the alien's factual support and concrete evidence are sufficient" to meet the alien's burden of proof. See Sarvia-Quintilla v. INS, 767 F.2d 1387, 1392 (9th Cir.1985).
 
 
 9
 Here, Rzepecki was given a hearing in which he was afforded a full and fair opportunity to present testimony and other evidence in support of his application. See Cuadras, 910 F.2d at 573; Sagermark, 767 F.2d at 650-51. Both the IJ's and the BIA's decisions reflect that the denial of Rzepecki's application was based on the individual merits of his claim. In it's decision, the BIA specifically reviewed the individual facts of Rzepecki's application and concluded that the IJ had not erred in denying his application for asylum. Accordingly, we find no merit in Rzepecki's contention that his application was not considered on its individual merit. See Acewicz, No. 91-70257, slip op. at 978.
 
 IV
 Evidence at Hearing
 
 10
 Rzepecki's contends that he was denied due process because the IJ failed to consider evidence presented at the hearing. This contention lacks merit.
 
 
 11
 As previously noted, in a deportation hearing, an alien is entitled to the Fifth Amendment guaranty of due process, which is satisfied only by a "full and fair hearing." See Cuadras, 910 F.2d at 573. To prevail on a due process claim, however, the alien must show that the alleged procedural errors were prejudicial. Diaz-Escobar v. INS, 782 F.2d 1488, 1494 (9th Cir.1986).
 
 
 12
 Here, after considering all of the evidence, the IJ denied Rzepecki asylum based on his failure to meet his burden of proof and establish "any causal link between the proffered acts of persecution and the triggering of statutory protection." Thus, because Rzepecki has failed to show prejudice, the BIA correctly found that Rzepecki was not denied due process. See Diaz-Escobar, 782 F.2d at 1494; Garcia-Jaramillo, 604 F.2d at 1239.
 
 V
 Past Persecution
 
 13
 Rzepecki claims he should be granted asylum for humanitarian reasons because he was tortured in Poland due to his political activities and his wife was threatened. We reject Rzepecki's claim.
 
 
 14
 Past persecution alone, independent of a well-founded fear of future persecution, is enough to establish eligibility for asylum. Desir v. Ilchert, 840 F.2d 723, 729 (9th Cir.1988). "The BIA may [exercise its discretion to] grant asylum for humanitarian reasons, where an applicant or his family has suffered under atrocious forms of persecution, even where there is little likelihood of future persecution." Acewicz, No. 91-70257, slip op. at 979 (quotations omitted).
 
 
 15
 Here, Rzepecki has not suffered atrocities that would justify relief on humanitarian grounds. See Matter of Chen, Int.Dec. 3104 at 4 (BIA 1989). Accordingly, the BIA did not abuse its discretion by denying Rzepecki relief based on humanitarian grounds.
 
 VI
 CaseLaw Relied on by the BIA
 
 16
 Rzepecki contends that the BIA improperly relied on Kubon v. INS, 913 F.2d 386 (7th Cir.1990), and Kaszmarczk v. INS, 933 F.2d 588 (7th Cir.1991) to deny his request for asylum. This contention lacks merit.
 
 
 17
 In Kubon, the Seventh Circuit affirmed the BIA's dismissal of a Polish petitioner's appeal from an IJ's denial of asylum. The court held that the BIA properly took administrative notice of changed circumstances in the Polish government which rendered petitioner's claim to a well-founded fear of persecution baseless. See 913 F.2d at 388. Specifically, the Seventh Circuit noted that petitioner's membership in the Solidarity Organization, without more, did not establish a well-founded fear of persecution in light of the fact that Solidarity was part of the coalition governing Poland at that time. Id.
 
 
 18
 Similarly, in Kaszmarczk, the Seventh Circuit held that the BIA could take administrative notice that members of Solidarity were no longer being persecuted by Polish authorities. 933 F.2d at 594.
 
 
 19
 We recently reached the same conclusion, holding that the BIA is entitled to take administrative notice of the "changed conditions in Poland and of the effect of those changes on petitioners' fear of persecution." Acewicz, No. 91-70257, slip op. at, 978. Accordingly, the BIA did not err by citing Kubon and Kaszmarczk as support for its determination that Rzepecki's membership in Solidarity, without more, did not establish a well-founded fear of persecution. See Id.
 
 VII
 BHRHA Opinion Letter
 
 20
 In deportation proceedings aliens must be given "a reasonable opportunity ... to cross-examine witnesses presented by the government." 8 U.S.C. § 1252(b)(3). Denial of this statutory right "may constitute an abuse of discretion requiring remand." Baires v. INS, 856 F.2d 89, 91 (9th Cir.1988). A denial of these rights may also constitute a violation of the constitutional guarantee of due process, if the prejudice to the alien is substantially great. Id.
 
 
 21
 In order for an alien to be substantially prejudiced, however the IJ must have violated Rzepecki's statutory or regulatory rights and must have caused Rzepecki prejudice. Barraza Rivera v. INS, 913 F.2d 1443, 1447 (9th Cir.1990). "We find prejudice where an alien's rights are violated 'in a manner so as potentially to affect the outcome of the proceedings.' " Id. (quoting United States v. Cerda-Pena, 799 F.2d 1374, 1379 (9th Cir.1986)). An alien's procedural due process challenges to the BHRHA's advisory opinions regarding asylum applications have been rejected where the IJ's ruling on the asylum application indicated that he was not relying on the advisory opinion. See Barraza Rivera, 913 F.2d at 1448; Pereira-Diaz v. INS, 551 F.2d 1149, 1153-54 (9th Cir.1977).
 
 
 22
 Here, because cross examination of State Department officials would not have affected the outcome of the proceedings, any error committed by the IJ in denying cross examination was harmless. See Barraza Rivera, 913 F.2d at 1448.[1]
 
 
 23
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We deny Rzepecki's request for costs and attorneys' fees pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504(a)(1) ("EAJA"). See Ardestani v. INS, 112 S.Ct. 515, 520 (1991) (administrative deportation proceedings are not adversary adjudications and are, therefore, "wholly outside the scope of the EAJA")