990 F.2d 1258
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Grezegorz KOSZYNSKI, Petitioner,
v.
UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70130.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1993.*
Decided March 31, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Grezegorz Koszynski, a native and citizen of Poland, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the immigration judge's ("IJ") decision finding Koszynski deportable and denying Koszynski's requests for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a). We deny the petition for review.
 
 
 3
 * Administrative Notice
 
 
 4
 Koszynski contends the BIA erred by deciding his case based on political considerations rather than on an individual basis.[1] He refers to the BIA's taking of administrative notice of political changes that have occurred in Poland since 1989.
 
 
 5
 The BIA is entitled to take administrative notice of Solidarity's participation in Poland's new coalition government and of Lech Walesa's election as president. Acewicz v. INS, No. 91-70257, slip op. 969, 977 (9th Cir., Feb. 4, 1993). Nevertheless, due process may require the BIA to provide the petitioner an opportunity to rebut the noticed facts. Castillo-Villagra v. INS, 972 F.2d 1017, 1029 (9th Cir.1992). Due process does not, however, require the BIA to provide an opportunity to rebut facts that are "legislative, indisputable, and general." Id.
 
 
 6
 Here, Koszynski had ample opportunity to argue before the IJ and the BIA that his fear of persecution remained well-founded despite the change in government.[2] See Castillo-Villagra, 972 F.2d at 1029. Thus, he was not denied due process. See Acewicz, No. 91-70257, slip op. at 978. Accordingly, the BIA did not abuse its discretion by taking administrative notice of the changed conditions in Poland and of the effect of the changes on Koszynski's fear of persecution. See id.
 
 II
 Asylum/Withholding of Deportation
 
 7
 Section 208(a) of the Refugee Act of 1980 ("Act"), 8 U.S.C. § 1158(a), authorizes the Attorney General, in her discretion, to grant asylum to an alien who is a "refugee." A refugee is defined in the Act as an alien who is unable or unwilling to return to his or her home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); see INS v. Cardoza-Fonseca, 480 U.S. 421, 423 (1987).
 
 
 8
 To establish eligibility for asylum based on a well-founded fear of persecution, an applicant must demonstrate a fear that is both subjectively genuine and objectively reasonable. Estrada-Posadas v. INS, 924 F.2d 916, 918 (9th Cir.1991). An applicant's "candid, credible and sincere testimony demonstrating a genuine fear of persecution" satisfies the subjective component of the standard. See Blanco-Comarribas v. INS, 830 F.2d 1039, 1042 (9th Cir.1987) (quotations omitted). The objective component requires "a showing, by credible, direct, and specific evidence in the record, of facts that would support a reasonable fear that the petitioner faces persecution." Rodriguez-Rivera v. INS, 848 F.2d 998, 1002 (9th Cir.1988) (per curiam) (quotations and emphasis omitted). Persecution involves "the infliction of suffering or harm upon those who differ (in race, religion or political opinion) in a way regarded as offensive." Desir v. Ilchert, 840 F.2d 723, 727 (9th Cir.1988) (quotations omitted).
 
 
 9
 Koszynski's request for asylum is based in part on his fear that, as a member of Solidarity, he will be persecuted if he returns to Poland. Nevertheless, substantial evidence supports the BIA's determination that Koszynski has failed to demonstrate a well-founded fear of persecution based on his membership in Solidarity. See Acewicz, No. 91-70257, slip op. at 974-78. We therefore agree with the BIA that Koszynski has failed to establish statutory eligibility for asylum on that basis.
 
 
 10
 Koszynski also contends that he should be granted asylum based on past persecution by the Communist government. Past persecution alone, independent of a well-founded fear of future persecution, is enough to establish eligibility for asylum. Desir, 840 F.2d at 729. "The BIA may [exercise its discretion to] grant asylum for humanitarian reasons, where an applicant or his [or her] family has suffered under atrocious forms of persecution, even where there is little likelihood of future persecution." Acewicz, No. 91-70257, slip op. at 979 (quotations omitted).
 
 
 11
 Here, a review of the record reveals that Koszynski has not suffered atrocities that would justify granting relief on humanitarian grounds. See Matter of Chen, Int.Dec. 3104 at 4 (BIA 1989). Accordingly, the BIA did not abuse its discretion by denying Koszynski's claim on this basis.[3]
 
 
 12
 Finally, because Koszynski failed to demonstrate a well-founded fear of persecution, he also failed to meet the higher standard of clear probability of persecution necessary for withholding of deportation. See Berroteran-Melendez v. INS, 955 F.2d 1251, 1258 (9th Cir.1992).[4]
 
 III
 Due Process Claims
 A. Cross-Examination
 
 13
 Koszynski contends that he was denied due process because he was not allowed an opportunity to cross-examine the author of a Bureau of Human Rights and Humanitarian Affairs ("BHRHA") opinion letter which was admitted into evidence. This contention lacks merit.
 
 
 14
 In deportation proceedings aliens must be given "a reasonable opportunity ... to cross-examine witnesses presented by the government." 8 U.S.C. § 1252(b)(3). A denial of this right may constitute a violation of the constitutional guarantee of due process if the prejudice to the alien is sufficiently great. Baires v. INS, 856 F.2d 89, 91 (9th Cir.1988).
 
 
 15
 Procedural due process challenges to the BHRHA's advisory opinions regarding asylum applications have been rejected where the immigration judge ruling on the asylum application indicated that he was not relying on the advisory opinion. Barraza Rivera v. INS, 913 F.2d at 1443, 1448 (9th Cir.1990); Pereira-Diaz v. INS, 551 F.2d 1149, 1153-54 (9th Cir.1977).
 
 
 16
 Here, the IJ specifically noted that he was not bound by the recommendation of the BHRHA and recognized his obligation to evaluate Koszynski's case on its own merits. Accordingly, any error committed by the IJ in denying cross-examination was harmless. Barraza Rivera, 913 F.2d at 1448.
 
 PETITION FOR REVIEW DENIED.[5]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his brief, Koszynski consistently refers to alleged errors committed by the IJ. Our jurisdiction is limited, however, to review of the BIA's decision. See Acewicz, No. 91-70257, slip op. at 974. Nevertheless, to the extent the BIA addressed the arguments raised by Koszynski we will treat them as though they were directed at the BIA's decision
 
 
 [2]
 In response to the IJ's question regarding the change in Poland's government, Koszynski testified that he would be persecuted if he returned to Poland because the changes in Poland were not yet well-established. He also testified that in 1990 he received a letter from his aunt informing him that the police had searched his apartment and found anti-Communist literature relating to the upcoming elections. Koszynski states that he could be imprisoned for possession of this material should he return to Poland
 
 
 [3]
 We also reject Koszynski's contention that the government improperly assigned him the burden of proof in establishing his asylum claim. See 8 C.F.R. § 208.13(h)(I)(ii); Estrada-Posadas, 924 F.2d at 918
 
 
 [4]
 Moreover, in light on our holding in Acewicz, we reject Koszynski's contention that the BIA improperly relied on Kubon v. INS, 913 F.2d 386 (7th Cir.1990) and Kaszmarczyk v. INS, 933 F.2d 588 (7th Cir.), cert. denied, 112 S.Ct. 583 (1991)
 
 
 [5]
 We deny Koszynski's request for costs and attorney's fees pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504(a)(I) ("EAJA"). See Ardestani v. INS, 112 S.Ct. 515, 520 (1991) (administrative deportation proceedings are not adversary adjudications and are, therefore, "wholly outside the scope of the EAJA")