990 F.2d 1259
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Wladyslaw MROCZKA, Petitioner,
v.
UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70560.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1993.*
Decided April 1, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Wladyslaw Mroczka, a native and citizen of Poland, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the immigration judge's ("IJ") decision finding Mroczka deportable as charged and denying Mroczka's application for asylum and withholding of deportation pursuant to 8 U.S.C. §§ 1158(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition for review.
 
 
 3
 We review the BIA's denial of asylum for abuse of discretion. Acewicz v. INS, No. 91-70257, slip op. 969, 978 (9th Cir. Feb. 4, 1993). We review the BIA's factual determinations, including the determination that an alien has failed to prove a well-founded fear of persecution, under the substantial evidence standard. Id. Under this standard, we reverse the BIA "only where the evidence presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Id. We review de novo the BIA's determination of purely legal questions. Abedini v. INS, 971 F.2d 188, 190 (9th Cir.1992).
 
 
 4
 * Denial of Asylum/Withholding of Deportation
 
 
 5
 Section 208(a) of the Refugee Act of 1980, 8 U.S.C. § 1158(a) ("Act"), authorizes the Attorney General, in her discretion, to grant asylum to an alien who is a "refugee." As defined in the Act, a refugee is an alien who is unable or unwilling to return to his or her home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); see INS v. Cardoza-Fonseca, 480 U.S. 421, 423 (1987).
 
 
 6
 To establish eligibility for asylum based on a well-founded fear of persecution, an applicant must demonstrate a fear that is both subjectively genuine and objectively reasonable. Estrada-Posadas v. INS, 924 F.2d 916, 918 (9th Cir.1991). The applicant has the burden of establishing eligibility for asylum. 8 C.F.R. § 208.13(a).
 
 
 7
 Here, the BIA properly imposed the burden of proof on Mroczka. See Estrada-Posadas, 924 F.2d at 918. Nevertheless, Mroczka failed to meet the burden. Mroczka testified that he was arrested and detained for 48 hours, once in 1980 and once in 1985, and that he had been beaten while participating in Solidarity street demonstrations. Mroczka further testified that he feared persecution by a particular police officer if he returned to Poland. Mroczka, however, failed to offer evidence demonstrating that he feared persecution "on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). Substantial evidence supports the BIA's conclusion that Mroczka failed to meet his burden of demonstrating a well-founded fear of persecution. See Estrada-Posadas, 924 F.2d at 918.
 
 
 8
 Because Mroczka failed to demonstrate a well-founded fear of persecution, he also failed to meet the higher standard of a clear probability of persecution necessary for withholding of deportation. See Berroteran-Melendez v. INS, 955 F.2d 1251, 1258 (9th Cir.1992).
 
 II
 Due Process
 A. Evaluation of Mroczka's Application
 
 9
 Mroczka contends the BIA erred by deciding his asylum application based on political considerations rather than on an individual basis.[1] Mroczka contends there is a government policy of denying all Polish applications filed after September 11, 1989 due to alleged changed political conditions in Poland. This contention lacks merit.
 
 
 10
 The Fifth Amendment guarantees aliens due process in deportation proceedings. Barraza Rivera v. INS, 913 F.2d 1443, 1447 (9th Cir.1990). In a deportation hearing, an alien's right to due process is satisifed only by a "full and fair hearing." Cuadras v. INS, 910 F.2d 567, 573 (9th Cir.1990). A full and fair hearing requires that each case "be evaluated on its own merits to determine whether the alien's factual support and concrete evidence are sufficient" to meet the alien's burden of proof. See Sarvia-Quintanilla v. INS, 767 F.2d 1387, 1392 (9th Cir.1985).
 
 
 11
 The BIA is entitled to take administrative notice of Solidarity's participation in Poland's new coalition government and of the effect of the changes on a petitioner's fear of persecution. See Acewicz, No. 91-70257, slip op. at 978. Nevertheless, due process may require the BIA to provide the petitioner an opportunity to rebut the noticed facts. Castillo-Villagra v. INS, 972 F.2d 1017, 1029 (9th Cir.1992).
 
 
 12
 Here, Mroczka was given a hearing in which he was afforded a full and fair opportunity to present testimony and other evidence in support of his application. See Cuadras, 910 F.2d at 573; Sagermark v. INS, 767 F.2d 645, 650-51 (9th Cir.1985), cert. denied, 476 U.S. 1171 (1986). Because Mroczka had ample opportunity to argue before the IJ and the BIA that his fear of persecution remained well-founded despite the changes in government, the BIA did not deny Mroczka due process by taking administrative notice of these changes.[2] Accordingly, we find no merit in Mroczka's contention that his application was not considered on an individual basis. See Cuadras, 910 F.2d at 573; Sagermark, 767 F.2d at 650-51; see also Acewicz, No. 91-70257, slip op. at 978 (court found that evidence of changed circumstances in Poland "was not blindly applied [by the BIA] to automatically deny every asylum application submitted by a Polish alien" (quotations omitted)).
 
 B. Right to Counsel
 
 13
 The right to due process in deportation hearings entitles aliens "to obtain counsel of their choice at their own expense." Acewicz, No, 91-70257, slip op. at 980; see also 8 U.S.C. §§ 1252(b)(2), 1362. Aliens, however, have no right to appointed counsel. Acewicz, No, 91-70257, slip op. at 980.
 
 
 14
 An alien's waiver of his right to counsel at a deportation hearing must be knowing, intelligent, and voluntary. Ramirez v. INS, 550 F.2d 560, 565 (9th Cir.1977). Denial of a right to counsel, if sufficiently prejudicial, may amount to violation of the constitutional right to a full and fair hearing. Castro-O'Ryan v. Department of Immigration & Naturalization, 847 F.2d 1307, 1313 (9th Cir.1988). To prevail on a due process claim, however, the alien must show that the alleged procedural errors were prejudicial. Diaz-Escobar v. INS, 782 F.2d 1488, 1494 (9th Cir.1986).
 
 
 15
 We reject Mroczka's contention that his due process rights were violated because the government did not provide him with counsel at his hearing before the IJ. Mroczka was apprised of his right to representation but chose to proceed without counsel. Moreover, Mroczka has failed to show how counsel's assistance would have altered the outcome of the hearing. Thus, Mroczka's due process claim fails. See id.
 
 C. Cross-Examination
 
 16
 Mroczka also contends that his due process rights were violated because he was denied the opportunity to cross-examine the author of the Bureau of Human Rights and Human Affairs ("BHRHA") letter admitted during his hearing. This contention lacks merit.
 
 
 17
 In deportation proceedings, aliens must be given "a reasonable opportunity ... to cross-examine witnesses presented by the government." 8 U.S.C. § 1252(b)(3). Denial of this statutory right may constitute a violation of the constitutional guarantee of due process if the prejudice to the alien is substantially great. Baires v. INS, 856 F.2d 89, 91 (9th Cir.1988).
 
 
 18
 Mroczka has failed to show how cross-examination of the author of the BHRHA letter admitted during his hearing would have affected the outcome of the proceedings. Thus, his due process claim fails. See Diaz-Escobar, 782 F.2d at 1494; Garcia-Jaramillo v. INS, 604 F.2d 1236, 1239 (9th Cir.1979), cert. denied, 449 U.S. 828 (1980).
 
 
 19
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Mroczka also refers to alleged errors committed by the IJ. Our review is limited to the decision of the BIA. See Acewicz, No. 91-70257, slip op. at 974. Nevertheless, to the extent the BIA addressed the arguments raised by Mroczka we will treat them as though they were directed at the BIA's decision
 
 
 [2]
 Accordingly, we reject Mroczka's contention that the BIA erred by relying on Kubon v. INS, 913 F.2d 386 (7th Cir.1990)