**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CARLOS ENRIQUE CRUZ-DIAZ,
Petitioner,

v.

No. 94-1865

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

On Petition for Review of an Order
of the Immigration & Naturalization Service.
(A72-017-106)

Argued: April 4, 1995

Decided: February 26, 1996

Before WILKINSON, Chief Judge, WIDENER, Circuit Judge, and
CHAPMAN, Senior Circuit Judge.

_____

Petition for review denied by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Jeremy A. Litt, Third Year Law Student, International
Human Rights Clinic, Washington College of Law, THE AMERI-
CAN UNIVERSITY, Washington, D.C., for Petitioner. Terri J. Lavi,
Office of Immigration Litigation, Civil Division, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.
**ON BRIEF:** Loreto Geisse, Third Year Law Student, Richard Wil-
son, International Human Rights Clinic, Washington College of Law,

THE AMERICAN UNIVERSITY, Washington, D.C., for Petitioner. Frank W. Hunger, Assistant Attorney General, Ellen Sue Shapiro, Richard M. Evans, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Petitioner Carlos Cruz-Diaz seeks review of the order of the Board of Immigration Appeals affirming the decision of the immigration judge and denying him political asylum under the Immigration and Naturalization Act, 8 U.S.C. § 1158. We deny the petition.

Cruz-Diaz is a citizen of El Salvador who entered the United States without inspection on September 22, 1992, at the age of 15. He was intercepted by the Immigration and Naturalization Service near Brownsville, Texas, and subsequently released to the custody of his sister in Washington, D.C. Conceding deportability, Cruz-Diaz sought either asylum under 8 U.S.C. § 1158(a) or, in the alternative, to leave the United States voluntarily.

Cruz-Diaz testified at the deportation hearing that he feared for his life at the hands of both the guerrillas and the army should he return to El Salvador. He testified about his knowledge of the murder of his family members and others by both guerrillas and the army in El Salvador. He also told of his experiences of being wounded when fighting with the guerrillas, fleeing and hiding from the guerrillas, and finally hiding from army soldiers whom he believed to be seeking to arrest or kill him because of his association with the guerrillas. The immigration judge found Cruz-Diaz to be honest, straightforward, and credible, and to have a subjective fear of persecution. However, the

2

immigration judge found that the evidence did not support a finding of actual or imputed political opinion and he found that Cruz-Diaz had not met the objective requirements for refugee status because he had not established past persecution or a well-founded fear of persecution on account of actual or imputed political opinion or any of the other grounds enumerated in the Act for which asylum may be granted: race, religion, nationality, or membership in a particular social group. Essentially, the judge found that Cruz-Diaz had served with the guerillas and that the government was hunting for him on that account, which was not an act of persecution. The immigration judge denied asylum, but granted petitioner's request to depart the United States voluntarily, rather than under order of deportation. On appeal, the Board of Immigration Appeals (Board) affirmed.

Cruz-Diaz sought review in this court pursuant to 8 U.S.C. § 1105a, asserting that the immigration judge and the Board erred by holding him to the same objective standard as an adult when it failed to find a well-founded fear of persecution, and by failing to find an imputed political opinion as a predicate for a well-founded fear of persecution.

To be eligible for refugee status and discretionary asylum under 8 U.S.C. § 1158, Cruz-Diaz must show a reasonable possibility of persecution or that a reasonable person in similar circumstances would fear persecution on account of his political beliefs or one of the other enumerated provisions of the statute. INS v. Cardoza-Fonseca, 480 U.S. 421 (1987); M.A. v. INS, 899 F.2d 304, 311 (4th Cir. 1990). After reviewing Cruz-Diaz's argument, we find no error in applying this standard of proof for a juvenile. In the absence of statutory intent to apply a different standard for a juvenile, and in light of the reasonable interpretation by the INS that the standard as stated takes into consideration the petitioner's age, we are not at liberty to substitute a different interpretation.* Chevron U.S.A. Inc. v. Natural Resources

_____

*We held in M.A. v. INS, 899 F.2d 304, 311 (4th Cir. 1990), that "`well founded fear' requires an examination both of the subjective feelings of the applicant for asylum and the objective reason for the applicant's fear." (Italics added) This necessarily includes consideration of age. Cruz-Diaz acknowledges in his brief, p. 24, that the INS Basic Law Manual also takes into account both the subjective and objective aspects of the well-founded fear standard.

3

Defense Council, Inc., 467 U.S. 837, 844 (1984). There is nothing in the record that suggests that the immigration judge or the Board failed to consider the petitioner's age as a factor in determining whether his fear of persecution was objectively well-founded.

The Immigration Act provides that administrative findings of fact are conclusive if supported by reasonable, substantial, and probative evidence on the record viewed as a whole. 8 U.S.C.§ 1105(a)(4). We must uphold the decision of the Board unless the evidence compels the conclusion that the petitioner has a well-founded fear of persecution because of his political opinion or one of the other enumerated predicates in the statute. INS v. Elias-Zacarias , 502 U.S. 478, 481 (1992). The Board affirmed the immigration judge's factual determination that the petitioner failed to establish that it was more likely than not that he would be subject to persecution in El Salvador because of his actual or imputed political opinion. The guerrillas' conscription of Cruz-Diaz as a child, his fleeing from the guerrillas, and his hiding from both the guerrillas and the army and fleeing for fear of retribution from both does not establish a political opinion on his part. The evidence does not compel the conclusion that Cruz-Diaz will be subjected to persecution or other harm based on actual or imputed opinion, any more than any other citizen of El Salvador who participated in or refused to participate in the activities of either the guerrillas or the army. Like the appellant in INS v. Elias-Zacarias, Cruz-Diaz has failed to establish that either the guerrillas or the army will persecute him because of his political opinion, rather than the political opinion of the persecutors or because of the general violence incidental to the civil war itself. 502 U.S. at 483. See M.A. v. INS, 899 F.2d at 314-15.

In addition, the immigration judge and the Board took notice of the peace accords that were signed in El Salvador subsequent to Cruz-Diaz's departure from that country. While the record may indicate that conditions remain unstable, the immigration judge did not err in concluding that Cruz-Diaz had failed to demonstrate a distinguishable circumstance that would increase the likelihood of persecution because of political opinion, whether actual or imputed.

The petition for review is accordingly

DENIED.

4