**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JOSE A. AMAYA,
Petitioner,

v.

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

No. 97-2724

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A74-665-597)

Submitted: July 14, 1998

Decided: August 4, 1998

Before WIDENER, HAMILTON, and MICHAEL, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

**COUNSEL**

Ronald D. Richey, Jaime W. Aparisi, Rockville, Maryland, for Peti-
tioner. Frank W. Hunger, Assistant Attorney General, Stephen Funk,
Senior Litigation Counsel, Lorri L. Shealy, Office of Immigration Lit-
igation, UNITED STATES DEPARTMENT OF JUSTICE, Washing-
ton, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Petitioner Jose Amaya seeks review of an order of the Board of Immigration Appeals (Board) affirming the decision of the immigration judge (IJ) and denying him political asylum, 8 U.S.C.A. § 1158 (West Supp. 1998), and withholding of deportation, 8 U.S.C.A. § 1253(h) (West Supp. 1998). Amaya is a citizen of El Salvador who entered the United States without inspection in 1990. The Immigration and Nationalization Service instituted deportation proceedings in 1996. Amaya conceded deportability but applied for asylum and withholding of deportation, which were denied by the IJ after a hearing. The Board affirmed, and we deny the petition for review.

Amaya alleges that he fears persecution by ex-guerrillas if he returns to El Salvador. During the civil unrest in that country, three of Amaya's uncles were commanders in the rebel group, Farabundo Marti Front for National Liberation (F.M.L.N.), and they repeatedly asked Amaya to join the rebels. He told them each time that he did not want to help them. Amaya testified at the hearing that government soldiers in the area suspected Amaya or his family were cooperating with the rebels and interrogated them about Amaya's uncles. He also testified that a massacre occurred in a town near his home, perpetrated by either the government troops or the guerrillas, which caused him to fear additional killings. Amaya testified that he belonged to a religious group, the Apostles and Prophets, which promoted peace.

Amaya moved to another part of El Salvador before he came to the United States. His parents and sisters remain in El Salvador. Amaya acknowledged that a peace agreement was signed in 1992, ending the war between the F.M.L.N. and the government. No member of Amaya's family was injured or killed during the civil war.

Amaya sought to argue before both the IJ and the Board that he had been persecuted because of his political neutrality. His claim was rejected.

2

On appeal, Amaya alleges that he is entitled to refugee status based on his past persecution and well-founded fear of future persecution for his political neutrality. Amaya also argues that both the F.M.L.N. and the army imputed a political opinion to him, and that he fears persecution for his membership in the Apostles and Prophets.

The Immigration and Nationality Act (the Act), 8 U.S.C.A. §§ 1101-1537 (West 1970 & Supp. 1998), provides two routes to avoid deportation for an otherwise deportable alien who claims he will be persecuted if he returns to his home country. First, an alien can apply for asylum. 8 U.S.C. § 1158(a). The Attorney General has authority, under § 1158(b)(1), to confer asylum on an alien if she concludes the alien is a refugee as defined by the Act. A refugee is anyone unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. . . ." 8 U.S.C.A. § 1101(a)(42)(A) (West Supp. 1998). To establish a well-founded fear of persecution, the alien must show: "(1) that a reasonable person in the circumstances would fear persecution; and (2) that the fear has some basis in the reality of the circumstances and is validated with specific, concrete facts." Huaman-Cornelio v. Board of Immigration Appeals, 979 F.2d 995, 999 (4th Cir. 1992) (internal quotation marks omitted). The fear must be appreciably different from the dangers faced by the alien's fellow citizens. Figeroa v. INS, 886 F.2d 76, 80 (4th Cir. 1989).

An alien claiming persecution can also avoid deportation through the provision known as "withholding of deportation," under which the Attorney General will not deport an alien upon finding that the alien's life or freedom would be threatened there because of his race, religion, nationality, membership in a social group, or political opinion. 8 U.S.C.A. § 1253(h) (West Supp. 1996).[1] The alien must demonstrate a clear probability of persecution based on one of these factors. INS v. Cardoza-Fonseca, 480 U.S. 421, 430 (1987). If an alien is

_____

[1] Amaya was in exclusion proceedings before the effective date of the Illegal Immigration Reform Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, 110 Stat. 3009. Therefore, under the transitional rules contained in § 309(c)(1) of the IIRIRA, the amendments to the Act do not apply.

3

unable to establish his right to asylum, he will be unable to meet this stricter standard for withholding of deportation. Huaman-Cornelio, 979 F.2d at 1000.

This Court must uphold the Board's decision dismissing appeal of the IJ's ruling if it is supported by "reasonable, substantial, and probative evidence on the record considered as a whole. .. ." 8 U.S.C.A. § 1105(a)(4) (West Supp. 1998).**2**  The Board's ruling that Amaya is not entitled to asylum or withholding of deportation cannot be reversed unless the Court concludes that the evidence presented was so compelling no reasonable fact finder could fail to perceive the requisite fear of persecution. INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992).

Even if refusal to take sides in a conflict is the expression of a political opinion, the alien still must establish that he has been persecuted, or has a well-founded fear of persecution, because of that opinion. Id. at 483. Where the alien seeks to overturn the decision of the Board, the statutory scheme requires him to provide compelling evidence that the alleged persecutors are motivated by his political opinion. Id. Amaya has failed to meet this burden.

The evidence does not establish that Amaya has been or "will be subjected to persecution or other harm based on actual or imputed opinion, any more than any other citizen of El Salvador who participated in or refused to participate in the activities of either the guerrillas or the army." Cruz-Diaz v. INS, 86 F.3d 330, 332 (4th Cir. 1996). He was urged to enlist with the rebels several times and refused several times, with no adverse consequences to him or his family. Amaya has not borne the burden of showing that the guerrillas or the government troops were motivated to persecute him because of any professed political neutrality on his part. The civil war no longer goes on in El Salvador, and while there may continue to be some unrest, Amaya offered nothing to establish that those who refused to enlist

_____

**2** We note that 8 U.S.C. § 1105(a)(4) was repealed by the IIRIRA, and replaced with 8 U.S.C.A. § 1252(b)(4) (West Supp. 1998). But because this case was in transition at the time the IIRIRA was passed, 8 U.S.C. § 1105(a)(4) is still applicable under the terms of the transitional rules contained in § 309(c)(4) of the IIRIRA.

4

to aid the guerrillas are at risk of any persecution. His arguments regarding his "imputed political opinion" and membership in the social group promoting peace also must fail for lack of evidentiary support. Moreover, since Amaya has not established his eligibility for asylum, he cannot satisfy the higher standard for withholding of deportation under 8 U.S.C. § 1253(h). Huaman-Cornelio, 979 F.2d at 1000. We deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

5