**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

RICARDO EZIDORO ISIDRO IGLESIAS,
Petitioner,

v.

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

No. 98-1045

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A73-722-369)

Submitted: June 23, 1998

Decided: September 1, 1998

Before WIDENER, NIEMEYER, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John William O'Leary, JOHN O'LEARY & ASSOCIATES, Wash-
ington, D.C., for Petitioner. Frank W. Hunger, Assistant Attorney
General, Carl H. McIntyre, Jr., Senior Litigation Counsel, Jeffrey J.
Bernstein, Office of Immigration Litigation, Civil Division, UNITED
STATES DEPARTMENT OF JUSTICE, Washington, D.C., for
Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Ricardo Ezidoro Iglesias seeks review of the decision of the Board
of Immigration Appeals denying relief on his application for asylum
and withholding of deportation.

Iglesias, a native and citizen of El Salvador, entered the United
States on foot in December 1993, and requested asylum in 1995. The
record evidence established that Iglesias served in the El Salvadoran
military as a soldier for six years, from 1987 to 1993. While a soldier
in the military, Iglesias was approached by guerrillas several times
seeking arms and ammunition. The guerrillas threatened that if he did
not cooperate and give them arms, they would kill him or his family
members.

In 1993, after the El Salvadoran government ended its twelve-year
war with the guerrillas and the guerrillas were no longer active, for-
mer guerrillas came to Iglesias' house looking for him. When they did
not find Iglesias at home, the guerrillas killed his seven-year-old
brother. Iglesias then left El Salvador to come to the United States.
While en route to the United States, Iglesias learned that his father
had been killed by the recidivist guerrillas when they came to look for
Iglesias.

The IJ found Iglesias credible, but found him ineligible for asylum.
On appeal the BIA affirmed the IJ's decision, holding that there was
no evidence the threats and murders of Iglesias' family members by
the recidivist guerrillas were motivated by a desire to harm Iglesias
on account of one of the five statutory grounds.

Substantial evidence supports the BIA's determination that Iglesias
was not eligible for asylum. See INS v. Elias-Zacarias, 502 U.S. 478,
482-83 (1992). Although Iglesias experienced threats up through

2

1993 from guerrillas and then from recidivist guerrillas, Iglesias offered no evidence that such threats would continue were he to return to El Salvador. On the contrary, the record shows that the former guerrillas are now a major political party in El Salvador and are no longer active as a guerrilla movement. Iglesias has not shown that anyone connected with the guerrillas currently maintains any interest in harming him, which would support his claim of a well-founded fear of persecution. See Cruz-Diaz v. INS, 86 F.3d 330, 332 (4th Cir. 1996); Chanco v. INS, 82 F.3d 298, 303 (9th Cir. 1996). Further, although recidivist guerrillas may operate in certain areas of El Salvador, the record shows that Iglesias could relocate to many areas of El Salvador in which recidivist guerrillas are not active, and where he could live in peace. See Matter of Acosta, 19 I. & N. Dec. 211, 235-36 (1985).

The standard for withholding deportation is more stringent than that for granting asylum. See INS v. Cardoza-Fonseca, 480 U.S. 421, 430-32 (1987). Because Iglesias has not established entitlement to asylum, he cannot meet the higher standard for withholding deportation.

Our review of the record discloses that the BIA's decision is based upon substantial evidence and is without reversible error. Accordingly, we affirm on the reasoning of the Board. Iglesias v. INS, No. A73-772-369 (B.I.A. Dec. 12, 1997). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3