**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

GERMAN RIVERO,
Petitioner,

v.

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

No. 97-2521

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A70-792-822)

Submitted: September 16, 1998

Decided: October 20, 1998

Before MURNAGHAN and HAMILTON, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Petition denied by unpublished per curiam opinion.

_____

**COUNSEL**

Donald L. Schlemmer, Washington, D.C., for Petitioner. Frank W.
Hunger, Assistant Attorney General, William J. Howard, Senior Liti-
gation Counsel, Edward J. Duffy, Office of Immigration Litigation,
Civil Division, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

German Rivero is a native and citizen of Bolivia living in this country. He petitions for review of a final order of the Board of Immigration Appeals (BIA or Board) denying his application for asylum and withholding of deportation. Because substantial evidence supports the BIA's decision, we deny the petition.

The Immigration and Nationality Act (INA) authorizes the Attorney General, in her discretion, to confer asylum on any refugee. See 8 U.S.C.A. § 1158(a) (West Supp. 1998). The Act defines a refugee as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C.A. § 1101(a)(42)(A) (West Supp. 1998); see also M.A. v. INS, 899 F.2d 304, 307 (4th Cir. 1990) (en banc). The well-founded fear standard contains both a subjective and an objective component. See INS v. Cardoza-Fonseca, 480 U.S. 421, 430-32 (1987). The subjective element requires a genuine fear on the part of the alien. See Figeroa v. INS, 886 F.2d 76, 79 (4th Cir. 1989). The objective component requires credible, specific, and direct evidence supporting a reasonable fear that the alien faces persecution. See id. This court must uphold the Board's asylum denial unless the alien demonstrates that the "evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution" on a relevant ground. INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). See also Cruz-Diaz v. INS , 86 F.3d 330, 331-32 (4th Cir. 1996). The standard for withholding of deportation is more stringent than that for granting asylum and requires an applicant to demonstrate a "clear probability of persecution." Cardoza-Fonseca, 480 U.S. at 430. We review the BIA's decision for substantial evidence. See Huaman-Cornelio v. Board of Immigration Appeals, 979 F.2d 995, 999 (4th Cir. 1992). Accordingly, the decision may be "re-

2

versed only if the evidence presented by [the applicant] was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." Elias-Zacarias, 502 U.S. at 481 (citation omitted).

On appeal, Rivero contends that he was persecuted because of his political opinion and membership in a social group based upon the following facts. On August 18, 1988, Rivero and his co-pilot discovered that their plane's cargo contained rifles and chemicals that they thought were used to manufacture cocaine. Rivero reported the contraband to Bolivian customs officials, accused the officials of a cover-up, engaged in an argument with officials, and was ultimately told to fly the plane or his "life would be made tough."[1] The case was then turned over to the airport police, which he also accused of wrongdoing, and ultimately the national police. After the national police interrogated him and slapped him in the face, Rivero was released that day. A few days later Rivero had another confrontation with the airport police and was arrested and taken to a substation where he was insulted, tied to a chair, and beaten. He suffered a broken nose and leg and was treated at a medical facility. Thereafter, he stayed with his father in an outlying town without further incident for approximately five months prior to coming to the United States.

Although Rivero's fear of returning to Bolivia is certainly understandable, he has failed to show he was persecuted on account of race, religion, nationality, membership in a particular social group, or political opinion, as required to obtain asylum. See Cardoza-Fonseca, 480 U.S. at 481; Cruz-Diaz, 86 F.3d at 331. The evidence indicates that Rivero's troubles stem from his occupation as a pilot and his dissatisfaction with a perceived contraband problem and cover-up. Moreover, he was able to live in Bolivia for five months without incident while recuperating in his father's town. An alien's choice of employment may not serve as a basis for a "social group" persecution claim as it does not represent an immutable characteristic. See Matter of Acosta, 19 I. & N. Dec. 211, 234 (BIA 1985) ("[T]he internationally accepted concept of a refugee simply does not guarantee an individual a right to work in the job of his choice."). Also, an asylum applicant must demonstrate more than a showing of a threat of persecution in a par-

_____

[1] (A.R. 36).

3

ticular place within a country. See id. at 235. Finally, the Board questioned Rivero's credibility because his testimony at the hearing conflicted in several respects with his application and related documents.

Thus, because we do not find that Rivero demonstrated evidence so compelling that no reasonable factfinder could fail to find the requisite fear of persecution on a relevant ground, see Elias Zacarias, 502 U.S. at 483-84; Cruz-Diaz, 86 F.3d at 331-32, and because the Board's decision is supported by substantial evidence, we affirm the decision of the Board and deny the petition for review.**2** See Huaman-Cornelio, 979 F.2d at 999. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process. We also deny the Government's motion to dismiss.

PETITION DENIED

_____

**2** We also decline to address Rivero's claim that international law requires the INS to grant him refugee status as Congress has created a comprehensive system to allow refugees to stay in the United States. See Committee of U.S. Citizens Living in Nicaragua v. Reagan, 859 F.2d 929, 939 (D.C. Cir. 1988) (where a controlling executive or legislative act exists, customary international law is inapplicable). See also The Paquete Habana, 175 U.S. 677, 700 (1900).