**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MARIO A. PEREZ,
<u>Petitioner,</u>

v.

No. 98-1431

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
<u>Respondent.</u>

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A70-625-443)

Submitted: August 25, 1998

Decided: October 23, 1998

Before MURNAGHAN, ERVIN, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John William O'Leary, JOHN O'LEARY & ASSOCIATES, Wash-
ington, D.C., for Petitioner. Frank W. Hunger, Assistant Attorney
General, Richard M. Evans, Assistant Director, Ellen Sue Shapiro,
Office of Immigration Litigation, UNITED STATES DEPART-
MENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Petitioner Mario A. Perez seeks review of the order of the Board of Immigration Appeals ("the Board") affirming the decision of the immigration judge ("IJ") and denying him political asylum and withholding of deportation. We affirm.

Perez is a native and national of Guatemala who entered the United States without inspection on or about February 28, 1993. Perez lived in a remote agricultural area in eastern Guatemala. In 1984, at the age of 13, under threats by the government, Perez joined the civil defense force. The purpose of the civil defense force was to protect the town from common delinquency and guerrilla actions. For nearly eight years, Perez patrolled his town twice a week. Between August 1992 and January 1993, Perez received three notes from guerrilla forces warning him to leave the civil defense force or leave the country. Other members of the civil defense force received similar threatening letters. The local military commissioner was killed after receiving two such letters. Perez's friend was also shot after receiving a threat. Perez's farm was hit by a grenade which killed three cows. The local military command informed Perez that it could not give him any protection. Fearing retribution from guerrilla forces, Perez fled Guatemala and sought asylum in this country.

At the hearing, the IJ found that service in a defense force and exposure to violence as a result of that service is not a basis for asylum. The IJ also found that Perez failed to show that the alleged persecution occurred on a country-wide basis. Thus, the IJ concluded that Perez failed to show fear of persecution on account of political opinion or membership in a social group. On appeal, the Board reviewed the record, concurred in the IJ's conclusion and dismissed the appeal.

Our review of the Board's decision is "narrow, not broad." Huaman-Cornelio v. Board of Immigration Appeals, 979 F.2d 995,

2

999 (4th Cir. 1992). We must uphold a decision if it is supported by substantial evidence, and reversal is appropriate only if the evidence is so compelling that no reasonable factfinder could fail to find the requisite fear of persecution. See INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). To establish eligibility for a grant of asylum, an alien must demonstrate that he is a refugee within the meaning of the Immigration and Nationality Act ("the Act"). The Act defines a refugee as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C.A. § 1101(a)(42)(A) (West Supp. 1998). Fears which may be well-founded, but do not arise on account of an applicant's race, religion, nationality, membership in a social group, or because of political opinion, do not qualify an alien as a refugee. See Matter of Mogharrabi, 19 I. & N. Dec. 439, 447 (BIA 1987).

Perez contends his participation in the civil defense force constituted membership in a protected social group. Perez concedes, however, that the INS does not generally consider policemen and soldiers eligible for asylum based upon their employment. See, e.g., Chanco v. INS, 82 F.3d 298, 302 (9th Cir. 1996) (current membership in military group targeted by guerrillas does not constitute a particular social group); Matter of Fuentes, 19 I. & N. Dec. 658 (BIA 1988). Perez fails to show why his participation in the CDF should be treated any differently. Nor has he shown that members of the CDF "share a common, immutable characteristic . . . that the member[s] of the group cannot change because it is fundamental to their individual identities or consciences." Fatin v. INS, 12 F.3d 1233, 1239-40 (3d Cir. 1993) (quotation omitted).

Perez also contends that the alleged persecution was due to an imputed political opinion due to his employment in the CDF. This contention must also be rejected. Perez has failed to establish that guerrillas or the army will persecute him because of his political opinion, or one imputed to him, rather than the political opinion of the guerrillas or because of the general violence incidental to the civil war itself. See Cruz-Diaz v. INS, 86 F.3d 330, 332 (4th Cir. 1996). Nor is Perez entitled to asylum merely because he allegedly faces persecution because his employment may have hindered guerrilla activities. See Adhiyappa v. INS, 58 F.3d 261, 268 (6th Cir. 1995).

3

Finally, the IJ's finding that Perez failed to show that his fear of persecution was country-wide is supported by substantial evidence. There is no evidence in the record that Perez would fear persecution were he to relocate to another area of Guatemala. See Diaz-Escobar v. INS, 782 F.2d 1488, 1493 (9th Cir. 1986) (repatriation to a country does not force the alien to return to the village he left).

The standard for withholding of deportation is more stringent than that for granting asylum. See INS v. Cardoza-Fonseca, 480 U.S. 421, 431-32 (1987). To qualify for withholding of deportation, an applicant must demonstrate a "clear probability of persecution." Id. at 430. As Perez has not established entitlement to asylum, he cannot meet the higher standard for withholding of deportation.

Accordingly, we find the BIA's decision is supported by substantial evidence. We therefore affirm the decision. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4