**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JOSE OLIVER ANDRADE-GARAY,
Petitioner,

v.

No. 98-2077

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A73-222-661)

Submitted: February 9, 1999

Decided: February 22, 1999

Before MICHAEL, TRAXLER, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Ronald D. Richey, Rockville, Maryland, for Petitioner. Frank W.
Hunger, Assistant Attorney General, Karen Fletcher Torstenson,
Assistant Director, Terri J. Scadron, Office of Immigration Litigation,
UNITED STATES DEPARTMENT OF JUSTICE, Washington,
D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jose Oliver Andrade-Garay is a native and citizen of El Salvador. He petitions for review of a final order of the Board of Immigration Appeals (Board) denying his application for asylum and withholding of deportation. We affirm.

The Immigration and Nationality Act (Act) authorizes the Attorney General, in her discretion, to confer asylum on any refugee. See 8 U.S.C.A. § 1158(a) (West Supp. 1998). The Act defines a refugee as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C.A. § 1101(a)(42)(A) (West Supp. 1998); see also M.A. v. INS, 899 F.2d 304, 307 (4th Cir. 1990) (en banc).

The well-founded fear standard contains both a subjective and an objective component. See INS v. Cardoza-Fonseca , 480 U.S. 421, 430-32 (1987). The subjective element requires a genuine fear on the part of the alien. See Figeroa v. INS, 886 F.2d 76, 79 (4th Cir. 1989). The objective component requires credible, specific, and direct evidence supporting a reasonable fear that the alien faces persecution. See id.

We must uphold the denial of asylum unless the alien demonstrates that "the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution" on a relevant ground. INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992); see Cruz-Diaz v. INS, 86 F.3d 330, 331-32 (4th Cir. 1996). The standard for withholding of deportation is more stringent than that for granting asylum and requires an applicant to demonstrate a "clear probability of persecution." Cardoza-Fonseca , 480 U.S. at 430.

2

This court reviews the Board's decision to see whether it is supported by substantial evidence. See Huaman-Cornelio v. Board of Immigration Appeals, 979 F.2d 995, 999 (4th Cir. 1992). Accordingly, the Board's decision may be "reversed only if the evidence presented by [the applicant] was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed."[1] Elias-Zacarias, 502 U.S. at 481 (citation omitted). Mixed questions of law and fact receive de novo review. See Figeroa v. INS, 886 F.2d at 78.

Andrade-Garay contends that he was persecuted because of his political opinion on the following facts. On or about November 10, 1993, Andrade-Garay, then a minor, was kidnapped by a group of armed men.[2] Andrade-Garay was detained for eleven days, during which time the kidnappers attempted to coerce him into joining their group. Andrade-Garay was given only water. He managed to escape from the kidnappers and eventually came to the United States in September 1994. After his escape, the armed men repeatedly went to the home of Andrade-Garay's mother, searching for him. The men threatened the family and thus Andrade-Garay's mother relocated the family to another city within El Salvador.

The immigration judge found Andrade-Garay's story to be credible, but determined that the kidnapping did not amount to persecution. The judge found that Andrade-Garay was likely kidnapped by a group of former guerillas who transformed themselves into roving bandits.[3] The judge determined that being kidnapped by such a group for the purpose of being conscripted into its membership does not constitute persecution. Further, the immigration judge found that while

_____

[1] While we normally review the decision of the Board and not the immigration judge, when the Board explicitly adopts the judge's decision we look to the judge's decision for the Board's reasoning. See Gandarillas-Zambrana v. Board of Immigration Appeals, 44 F.3d 1251, 1255 (4th Cir. 1995).

[2] Andrade-Garay did not identify the group, stating only that it was "like a mafia group." (A.R. 50)

[3] The State Department's profile of El Salvador notes that most forced recruitment after the 1992 peace accords involved "recruitment by criminal gangs motivated by criminal gain." (A.R. 76).

Andrade-Garay may subjectively fear that if he returns to El Salvador the armed group will again seek him out, such a fear is not well-founded. Therefore, the judge concluded that Andrade-Garay had not satisfied the standard for a grant of asylum. It necessarily followed that Andrade-Garay had also not satisfied the higher standard for a grant of withholding of deportation. The Board of Immigration Appeals adopted and affirmed the judge's decision. Andrade-Garay filed a timely petition for review in this court.

Andrade-Garay argues that he satisfies the persecution test because he was kidnapped for eleven days. However, the Supreme Court has already settled that an attempt by a guerilla-type organization to coerce a person to join the group does not, without more, constitute persecution for asylum purposes. See INS v. Elias-Zacarias, 502 U.S. at 482. And, although Andrade-Garay's kidnapping may have constituted more than a mere attempt to conscript him, Andrade-Garay offered no evidence that he was kidnapped on account of his political opinion. See id. Accordingly, we affirm the Board's order adopting and affirming the immigration judge's decision. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED