**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

RAFAEL GARCIA-GARCIA,
Petitioner,

v.

No. 98-2449

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A29-925-425)

Submitted: February 23, 1999

Decided: March 19, 1999

Before ERVIN, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

**COUNSEL**

John William O'Leary, JOHN O'LEARY & ASSOCIATES, Wash-
ington, D.C., for Petitioner. Frank W. Hunger, Assistant Attorney
General, Terri J. Scadron, Senior Litigation Counsel, Thankful T.
Vanderstar, Office of Immigration Litigation, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Rafael Garcia-Garcia petitions for review of a final order of the Board of Immigration Appeals (Board) denying his application for asylum and withholding of deportation. Because substantial evidence supports the Board's decision, we affirm.

Garcia-Garcia, a native and citizen of El Salvador, entered the United States in January 1993 without inspection by an immigration officer, in violation of 8 U.S.C.A. § 1251(a)(1)(B) (West Supp. 1997). In December 1993, the Immigration and Naturalization Service (INS) issued an order to show cause why he should not be deported. Garcia-Garcia filed an application for asylum and withholding of deportation. Following a hearing in which Garcia-Garcia conceded deportability, the Immigration Judge (IJ) issued a decision denying asylum and withholding of deportation but granting voluntary departure. The Board dismissed Garcia-Garcia's appeal after concluding that he had not demonstrated that he has been persecuted in El Salvador or that a reasonable person in his position would fear persecution if he returned. Garcia-Garcia timely petitions this court for review of the Board's order.

Garcia-Garcia is a twenty-four year old single male. At his deportation hearing, Garcia-Garcia testified that guerillas came to his father's home in 1991 and threatened to kill him if he refused to accompany them and join their organization. After his abduction the guerillas forced him at gun-point to strike a deserter with a baseball bat approximately five times. That night he fled while his captors were sleeping. Fearing retaliation from the guerillas, Garcia-Garcia traveled to different areas within El Salvador and to Guatemala. Having learned from his father that the guerillas had come looking for him on several occasions, Garcia-Garcia fled El Salvador. He fears that the guerillas might kill him if he returns to El Salvador.

2

The Immigration and Nationality Act (the Act) authorizes the Attorney General, in her discretion, to confer asylum on any refugee. 8 U.S.C. § 1158(b) (1994). The Act defines a refugee as a person unwilling or unable to return to his native country"because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (1994); see M.A. v. United States Immigration & Naturalization Serv., 899 F.2d 304, 307 (4th Cir. 1990) (en banc). The alien must prove that the fear of persecution "stems directly from one of the five categories of persecution listed in the Act." Huaman-Cornelio v. Board of Immigration Appeals, 979 F.2d 995, 999-1000 (4th Cir. 1992). If an applicant establishes past persecution, he is presumed to have a well-founded fear of future persecution rebuttable by evidence establishing a change in conditions in the country such that any fear of future persecution is no longer objectively reasonable. 8 C.F.R. § 208.13(b) (1996).

This court must uphold the Board's decision if it is supported by substantial evidence from the record as a whole. See Huaman-Cornelio, 979 F.2d at 999. We can reverse the Board only if the evidence "was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We conclude that substantial evidence supports the Board's ruling.

Garcia-Garcia claims that his abduction by armed guerillas and the guerillas forcing him to beat a deserter with a baseball bat constitute past persecution within the meaning of the Act. He asserts that the Board erred in failing to expressly recognize that he was only seventeen years of age when these events occurred, and in finding that he suffered no harm from the abduction. We agree with the Board that Garcia-Garcia failed to demonstrate that he suffered persecution on account of his political beliefs or one of the other enumerated provisions of the Immigration and Nationality Act. Garcia-Garcia testified that he went with the armed guerillas because they threatened to kill him if he refused. He did not assert that the guerillas abducted him based on his political opinion or that his desire not to join the guerilla movement was politically based. As argued by the Government, the forced recruitment in a guerilla organization does not necessarily constitute "persecution on account of . . . political opinion" within the

3

meaning of the Immigration and Nationality Act. <u>See Elias-Zacarias</u>, 502 U.S. at 482-83; <u>see also Cruz-Diaz v. United States Immigration & Naturalization Serv.</u>, 86 F.3d 330, 332 (4th Cir. 1996). This standard applies to juveniles, and there is nothing in the record suggesting that the Board failed to consider Garcia-Garcia's age as a factor in rejecting his asylum application. <u>See Cruz-Diaz</u> , 86 F.3d at 331. We further note that the immigration judge and the Board took notice that El Salvador's civil war has ended and conditions in El Salvador have changed dramatically since Garcia-Garcia's departure.

Because the record contains substantial evidence supporting the Board's determination that Garcia-Garcia failed to demonstrate that he suffered past persecution within the meaning of the Act or that he has a well-founded fear of future persecution, we must uphold the Board's decision. <u>See Huaman-Cornelio</u>, 979 F.2d at 999. Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>

4