**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

STEPHAN BACHVAROV,
Petitioner,

v.

No. 98-2333

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A73-725-109)

Submitted: February 26, 1999

Decided: March 22, 1999

Before WIDENER and ERVIN, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Antoinette J. Rizzi, Falls Church, Virginia, for Petitioner. Frank W.
Hunger, Assistant Attorney General, Civil Division, Carl H. McIn-
tyre, Jr., Senior Litigation Counsel, Joseph F. Ciolino, Office of
Immigration Litigation, UNITED STATES DEPARTMENT OF JUS-
TICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Stephan Bachvarov appeals the Board of Immigration Appeals' (BIA) order affirming an immigration judge's (IJ) decision denying relief on his application for asylum and withholding of deportation. We affirm.

Bachvarov came to the United States from Bulgaria as a nonimmigrant visitor for business and stayed beyond the authorized period. The Immigration and Naturalization Service (INS) commenced deportation proceedings against Bachvarov. Bachvarov conceded deportability and sought asylum and withholding of deportation. Bachvarov testified before the IJ that he began experiencing problems with "racketeers" after he opened a retail store in Bulgaria. The racketeers demanded money in exchange for "protection." Bachvarov and his family refused to pay the racketeers any money, and the racketeers responded by visiting the store and calling every few days. They threatened to kill Bachvarov's mother and to kidnap his nephew. On one occasion, the racketeers vandalized the store and stole merchandise and money. On another occasion, they beat Bachvarov and smashed his car windshield with a baseball bat. Bachvarov eventually closed the store.

At the deportation hearing, the IJ found Bachvarov deportable and denied his application for asylum and withholding of deportation. The IJ held that the extortion and harassment experienced by Bachvarov was done with the purpose of extorting money and not on account of any of the statutory grounds. The BIA adopted the reasoning of the IJ and dismissed Bachvarov's appeal.

To establish eligibility for a grant of asylum, an alien must demonstrate that he is a refugee within the meaning of the Immigration and Nationality Act (Act). The Act defines a refugee as a person unable

2

or unwilling to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C.A. § 1101(a)(42)(A) (West Supp. 1998); see M.A. v. INS, 899 F.2d 304, 307 (4th Cir. 1990) (en banc). The alien bears the burden of proving that he is a refugee as defined by the Act. See 8 C.F.R. § 208.13(a) (1998).

We review the BIA's determination under the deferential substantial evidence standard. See INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). The BIA's decision will not be reversed unless the evidence "was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Id. at 483-84; see Cruz-Diaz v. INS, 86 F.3d 330, 331 (4th Cir. 1996).

We have reviewed the record, briefs and pertinent case law in this matter. We conclude that the BIA's decision adopting the reasoning of the IJ is supported by substantial evidence and is without reversible error. Accordingly, we affirm on the reasoning of the BIA. See Bachvarov v. INS, No. A73-725-109 (B.I.A. Aug. 13, 1998). We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3