[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11068
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 3, 2011
JOHN LEY
CLERK

Agency No. A88-800-604

WASEEM M A ABURUWAIDA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(November 3, 2011)

Before CARNES, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Waseem M. A. Aburuwaida, a native of Saudi Arabia and a stateless

Palestinian, seeks review of the Board of Immigration Appeal's decision affirming

the Immigration Judge's order denying his application for asylum and withholding of removal under the Immigration and Nationality Act, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, and Degrading Treatment or Punishment.

Aburuwaida applied for asylum and withholding of removal based on race, nationality, political opinion, and membership in a particular social group. The IJ found at his removal hearing that Aburuwaida had testified credibly about Israeli soldiers' mistreatment of him when he lived in the West Bank while attending medical school. In the summer of 2003 soldiers awakened him at about 3:00 a.m., questioned him, and searched his house. They hit him on the head and/or in the face with a helmet. The soldiers used him as a human shield when they searched other homes in the neighborhood and threatened to blow up a door with Aburuwaida in front of it, if the neighbor did not answer. Aburuwaida suffered bruises and mental anguish as a result of that incident, but he did not report it because he believed no action would be taken.

Aburuwaida also testified that at checkpoints he had to wait in long lines, was spit at, was sometimes hit, and was subjected to embarrassing searches. Sometimes he was hit in the face, chest, and legs, and as a result of those incidents

he suffered bruises, but he did not seek medical attention. The IJ found that these events did not rise to the level of persecution, and the BIA agreed.

Aburuwaida contends that the Israeli military persecuted him when he lived in the West Bank. He asserts that Gaza is the only Israeli occupied territory to which he can return and that because the Gaza community is small, he will be recognized based on his past involvement with Fatah and will be persecuted by members of Hamas. He concedes that he cannot show that Hamas persecuted him in the past in Gaza. Aburuwaida did not designate a country of removal, and he contends that the BIA erred by finding that he had failed to show that he would be unable to live in Saudi Arabia, Jordan, or the West Bank.[1] He argues that under 8 U.S.C. § 1231(b)(2) the government bears the burden of showing that a particular nation will accept an alien.[2]

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's opinion. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). Where, as here, the BIA issued its own opinion,

___

[1]After Aburuwaida graduated from medical school in Jerusalem in 2004, he moved to Jordan and lived there for two years while getting additional medical training. He does not allege persecution in Jordan or in Saudi Arabia, where he was born, but asserts that he would not be permitted to return to either of those countries.

[2] Aburuwaida does not challenge the BIA's and IJ's denial of CAT relief, so that claim is abandoned. Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

but "explicitly agreed with several findings of the immigration judge, we review the decisions of both the Board and the immigration judge as to those issues." Ayala v. U.S. Att'y Gen., 605 F.3d 941, 948 (11th Cir. 2010). Under the highly deferential substantial evidence test, we consider only whether substantial evidence supports the IJ's and BIA's findings and "*not* whether there is substantial evidence for some *other* finding that could have been, but was not, made." Adefemi v. Ashcroft, 386 F.3d 1022, 1029 (11th Cir. 2004) (quotation marks omitted). Even if the evidence could support multiple conclusions, we must affirm the BIA's decision unless there is no reasonable basis for it. Id. We will not overturn the IJ's and BIA's findings of fact unless the record compels it. See Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1287 (11th Cir. 2005).

An asylum applicant qualifies as a refugee if he has suffered past persecution, or has a well-founded fear of future persecution, in his country of origin. Kazemzadeh v. U.S. Att'y Gen., 577 F.3d 1341, 1351 (11th Cir. 2009). The applicant bears the burden of proving that he is a refugee. Id. To establish asylum based on past persecution, he must show that he was persecuted on account of a protected ground. Id. Even if he cannot show past persecution, an applicant may establish a well-founded fear of persecution by showing that there is a reasonable possibility that he will be persecuted if he is returned to his country

of origin. Id. at 1352. In addition to demonstrating that there is a reasonable probability of a future threat to his life or freedom based on a protected ground, the alien also must show that he could not reasonably relocate to a different region of the country or, if stateless, another part of his country of last habitual residence, to avoid the threat. See Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1258–59 (11th Cir. 2006).

We have recognized that "persecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and that mere harassment does not amount to persecution." Sepulveda, 401 F.3d at 1231 (quotations marks omitted). "Minor physical abuse and brief detentions do not amount to persecution." Kazemzadeh, 577 F.3d at 1353; see also Djonda v. U.S. Att'y Gen., 514 F.3d 1168, 1171, 1174 (11th Cir. 2008) (holding that evidence that an alien had been detained for 36 hours, beaten by police officers, and suffered only scratches and bruises, did not compel a finding that the alien had been persecuted). "[E]ven a stateless person must show persecution to be granted asylum." Fedosseeva v. Gonzales, 492 F.3d 840, 845 (7th Cir. 2007).

Aburuwaida's evidence that he endured only brief detentions and minor injuries while in Israel was not enough to establish that he suffered past persecution. As for the evidence he offered to show fear of future persecution,

5

Aburuwaida's participation in Fatah last occurred about eight years ago, from 2001 to 2003 while he was in medical school in Jerusalem. Although he made general assertions about evidence of violence by members of Hamas against members of Fatah, he was never physically harmed by members of Hamas, and he failed to show that he was likely to be singled out by Hamas for persecution in the future. See Sepulveda, 401 F.3d at 1231; see also Cruz-Diaz v. I.N.S., 86 F.3d 330, 332 (4th Cir. 1996) (observing that evidence of general violence in a country is not enough to show a well-founded fear of future persecution). Furthermore, Aburuwaida may be removed to a country regardless of whether it has accepted him. See Jama v. Immigration and Customs Enforcement, 543 U.S. 335, 342, 125 S.Ct. 694, 700 (2005) ("Nonacceptance may surely be one of the factors considered in determining whether removal to a given country is impracticable or inadvisable, but the statute does not give it the dispositive effect petitioner wishes.").

Substantial evidence supports the IJ's and BIA's findings that Aburuwaida failed to establish that he either suffered past persecution or has a well-founded fear of future persecution. As a result, we affirm the BIA's decision that Aburuwaida was ineligible for asylum. Because Aburuwaida did not qualify for asylum, he necessarily failed to satisfy the more stringent standard of proof for

6

withholding of removal.  See Yu v. U.S. Att'y Gen., 568 F.3d 1328, 1334 (11th Cir. 2009).

**PETITION DENIED.**